UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE BRANDON,

        Petitioner,                    Case Number: 2:10-CV-12748

v.                                         HON. MARIANNE O. BATTANI

NICK LUDWICK,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Tyrone Brandon filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is a state prisoner in the custody of the Michigan Department of Corrections pursuant to convictions for armed robbery, possession of a firearm by a felon, and possession of a firearm during the commission of a felony. He argues that his conviction was obtained in violation of his constitutional rights because exhibits introduced at trial were lost, insufficient evidence supported his convictions, pre-trial identification procedures were unduly suggestive and trial counsel was ineffective in withdrawing his motion to suppress the identification. Respondent argues that the claims are meritless and/or procedurally defaulted.

      The Court denies the petition.

**I.**      **Background and Procedural History**

      Petitioner's convictions arise from a robbery that occurred in the City of Detroit on

June 25, 2007.  The Michigan Court of Appeals provided a factual overview of the case, which is presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 F. App'x 730 (6th Cir. 2002), as follows:

> In June 2007, Dianna Williams was robbed at gunpoint while sitting in a cargo van.  She had stopped to pick up her employees, who were delivering handbills that morning.  A man, whom Williams later identified as defendant, reached into the driver's side window of the van and pointed a gun in Williams' face.  Williams gave $20 or $25 to the man, but he was not satisfied.  He reached into her pants pocket to take additional money, which she was carrying to pay her employees, and then fled with the money and keys to the van.

*People v. Brandon*, No. 282941, 2009 WL 3400947, *1 (Mich. Ct. App. Oct. 22, 2009).

Following a bench trial, Petitioner was convicted of armed robbery, possession of a firearm by a felon, and possession of a firearm during the commission of a felony.  On December 18, 2007, Petitioner was sentenced to 11 to 15 years in prison for the armed robbery conviction and two to five years in prison for the felon-in-possession conviction, to be served concurrently with one another and consecutively to two years in prison for the felony-firearm conviction.

Petitioner filed an appeal of right.  He raised these claims:

I.   The evidence was insufficient and the verdict is against the great weight of the evidence because it is physically impossible for defendant to have been the robber; there is a real concern that an innocent person has been convicted, and defendant's convictions must be reversed.

II.  Defendant was denied due process by the unfairly and unduly suggestive identification procedures, the trial court abused its discretion in denying defendant's requests for a corporeal lineup, and trial counsel was ineffective for withdrawing his motion to suppress the identifications.

2

> III. Defendant should be granted a resentencing or, at minimum, his presentence report must be corrected to delete challenged information, invalid prior convictions, and dismissed charges.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences, but reversed and remanded for further proceedings concerning the trial court's treatment of information contained in Petitioner's presentence report. *People v. Brandon*, 2009 WL 3400947 at *1.

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals, and this additional claim:

> Defendant's right to due process, his right to appeal on the basis of a complete record, and his right to effective assistance of counsel on appeal have been denied by the loss of exhibits introduced at trial upon which his entire defense was based.

The Michigan Supreme Court denied leave to appeal. *People v. Brandon*, 485 Mich. 1103 (Mich. Feb. 26, 2010).

On remand, the trial court amended Petitioner's sentence for robbery to 11 to 16 ½ years and ordered the correction of the presentence investigation report to delete the reference to Petitioner as an absconder and the reference to two prior misdemeanors. Petitioner appealed the resentencing to the Michigan Court of Appeals arguing that the trial court did not have authority to adjust his maximum sentence upwards and that the presentence investigation report had not been corrected. The Michigan Court of Appeals held the sentencing claim moot because the amended judgement of sentence reflected a

sentence of 11 to 15 years, not 16 ½ years. The Michigan Court of Appeals ordered that the presentence investigation report be updated to reflect the changes ordered by the trial court. *People v. Brandon*, No. 297093, 2011 WL 1574076 (Mich. Ct. App. Apr. 26, 2011). Petitioner did not seek leave to appeal in the Michigan Supreme Court. *See* Affidavit of Sandra Schultz Mengel, Chief Clerk, Michigan Supreme Court.

Petitioner then filed the pending habeas petition. He raises these claims:

I. Defendant's right to due process, his right to appeal on the basis of a complete record, and his right to effective assistance of counsel on appeal have been denied by the loss of exhibits introduced at trial upon which his entire defense was based.

II. The evidence is insufficient and the verdict is against the great weight of the evidence because it is physically impossible for defendant to have been the robber; there is a real concern that an innocent person has been convicted, and defendant's convictions must be reversed.

III. Defendant was denied due process by the unfairly and unduly suggestive identification procedures, the trial court abused its discretion in denying defendant's request for a corporeal lineup, and trial counsel was ineffective for withdrawing his motion to suppress the identifications.

**II. Standard**

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable

4

> determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. __, 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme

5

malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th

6

Cir. 1998).

## III. Discussion

### A. Loss of Exhibits

In his first habeas claim, Petitioner argues that his rights to due process, to an appeal, and to the effective assistance of appellate counsel were violated by the loss of exhibits. At Petitioner's request, the prosecution introduced two photographs taken of Petitioner on June 16, 2007, the date of his arrest for an unrelated crime. Petitioner argued that these photographs establish his innocence because the photographs, taken nine days before the crime showed that Petitioner had very close-cropped or shaved hair, while the witnesses described a perpetrator with medium length hair or hair that was an inch long. Petitioner argued it would have been impossible for his hair to grow that much in that period of time and, therefore, he could not have been the perpetrator. The photographs were lost sometime after trial and not available for viewing by appellate counsel and did not become part of the appellate court record.

The Due Process Clause requires that the State disclose to criminal defendants "evidence that is either material to the guilt of the defendant or relevant to the punishment to be imposed." *California v. Trombetta*, 467 U.S. 479, 485 (1984). "Separate tests are applied to determine whether the government's failure to preserve evidence rises to the level of a due process violation in cases where material exculpatory evidence is not accessible, *see Trombetta*, 467 U.S. at 489, versus cases where 'potentially useful' evidence is not accessible. *See Arizona v. Youngblood*, 488 U.S. 51, 58 109 S. Ct. 333,

7

102 L. Ed.2d 281 (1988)." *United States v. Wright*, 260 F.3d 568, 570-71 (6th Cir. 2001). A defendant's due process rights are violated where material exculpatory evidence is not preserved. *Trombetta*, 467 U.S. at 489. "[T]he Due Process Clause requires a different result when . . . deal[ing] with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." *Youngblood*, 488 U.S. at 56. "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Id.* at 58. A habeas petitioner has the burden of establishing that the police acted in bad faith in failing to preserve potentially exculpatory evidence. *See Malcum v. Burt*, 276 F. Supp. 2d 664, 683 (E.D. Mich. 2003). In short, to prevail on a destruction-of-evidence claim, a defendant needs to show that the evidence was exculpatory or that the police acted in bad faith. *Illinois v. Fisher*, 540 U.S. 544, 547-48 (2004).

However, the Supreme Court has never clearly held that the due process clause is implicated if the state destroys potentially exculpatory material after trial. *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Ferguson v. Roper*, 400 F.3d 635, 638 (8th Cir. 2005). Moreover, the Michigan Court of Appeals held that the missing exhibits did not impede Petitioner's right to appeal because the identity of the person photographed was not at issue (the parties agreed the photographs depicted Petitioner and agreed when the photographs were taken) and the trial court's description of the photographs in its findings of fact allowed for a fair review of the issue on appeal. Petitioner has not shown

8

that the state court's finding was contrary to or an unreasonable application of Supreme Court precedent.

### B. Sufficiency of the Evidence

Next, Petitioner claims that insufficient evidence was presented to establish his identity as the robber.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, (citing *Jackson,* 443 U.S. at 319). Second, if

the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.*

Under Michigan law, the elements of armed robbery are: "(1) an assault, (2) a felonious taking of property from the victim's person or presence, and (3) the defendant must be armed with a weapon described in the statute." *People v. Johnson*, 206 Mich. App. 122, 123, 520 N.W.2d 672, 673 (1994). The Michigan Court of Appeals, although not specifically citing *Jackson*, clearly applied the *Jackson* standard and held that sufficient evidence was presented to sustain Petitioner's convictions:

> The alleged discrepancies between defendant's appearance in the photographs and at trial, and the testimony provided by Williams and Raymond Poindexter do not establish a basis for vacating his convictions or ordering a new trial. Although Williams estimated the length of the perpetrator's hair as "about one inch," the trial evidence does not disclose how much defendant's hair could have grown in the nine days after his booking photographs were taken. Even assuming that it would have been physically impossible for defendant's hair to reach the estimated length that Williams gave, the accuracy of her description, as compared to defendant's actual appearance, is only one factor affecting the reliability of her identification testimony. *See People v Davis*, 241 Mich App 697, 702-703; 617 NW2d 381 (2000). "[A] great number of variables will affect not only the accuracy of perception but also will influence the amount and substance of what is retained in memory." *People v Anderson*, 389 Mich 155, 210; 205 NW2d 461 (1973), *overruled in part on other grounds by People v Hickman*, 470 Mich 602; 684 NW2d 267 (2004).
>
> Here, Williams was adamant at trial about her attention being focused on defendant's face. She testified, "[m]y identification was not by the hair, my identification was looking him straight in the eye and studying his face." Similarly, when asked whether she saw any unusual scars or disfigurations, she testified, "I was staring at a gun and his face." She had no doubt about her identification of the photograph after the robbery and her in-court

10

> identification of defendant at trial, albeit when shown the photograph at trial, she could not remember it from any particular place. Poindexter, who claimed to be seated in the front passenger seat of the van during the early morning robbery, also made an in-court identification of defendant at trial, although he gave a more general estimate of the perpetrator's hair length than Williams. According to Poindexter, the hair was "short to medium" in length. He also described the perpetrator as having a "salt and pepper" mustache, while Williams described the chin and mustache area as "scruffy."
>
> "[P]ositive identification by witnesses may be sufficient to support a conviction of a crime." *Davis, supra* at 700. Viewing the evidence in a light most favorable to the prosecution, Williams's identification testimony alone was sufficient for the trier of fact to find beyond a reasonable doubt that defendant was the person who committed the robbery. Nonetheless, Poindexter also identified defendant at trial. Further, the verdict was not against the great weight of the evidence. While we recognize that eyewitness identification evidence presents the potential for misidentification, *Davis, supra* at 701, there is no basis in the existing record for finding that this case presents the type of physical impossibility or other exceptional circumstances that can justify removal of credibility issues from a fact-finder. Therefore, we defer to the trial court's resolution of the weight of the evidence and the credibility of the witnesses. *Lemmon, supra* at 642-643.

*Brandon*, 2009 WL 34000947 at *2-3.

According the state court's findings of fact a presumption of correctness, this Court concludes that the Michigan Court of Appeals' decision that sufficient evidence was presented for a finding of guilty did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

To the extent Petitioner also is raising a claim that the verdict was against the great

11

weight of the evidence, this claim is meritless. In Michigan, a trial court may order a new trial "where the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result." *People v. Lemmon*, 456 Mich. 625, 642, 576 N.W.2d 129, 137 (1998) (internal quotation omitted). *Id.* at 634, 576 N.W.2d at 133 (citing Mich. Comp. Laws § 770.1 and Mich. Ct. R. 6.431(B)). The grant of a new trial under these circumstances is distinct from the due process issues raised by insufficient evidence, and "does not implicate issues of a constitutional magnitude." *Id.* at 634 n. 8, 576 N.W.2d at 133. Thus, a claim that a verdict is against the great weight of the evidence alleges an error of state law, which is not cognizable on habeas review. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (holding that "federal habeas corpus relief does not lie for errors of state law").

### C.    Identification-Related Claims

Finally, Petitioner argues he denied due process by the unfairly and unduly suggestive identification procedures, the trial court abused its discretion in denying his request for a corporeal lineup, and trial counsel was ineffective for withdrawing his motion to suppress the identification.

"A conviction based on identification testimony that follows a pretrial identification violates the defendant's constitutional right to due process whenever the pretrial identification is so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Ledbetter v. Edwards*, 35 F.3d 1062, 1070 (6th Cir. 1994). A court must undertake a two-step analysis to determine the validity of a

pretrial identification. First, the court must determine whether the procedure was unduly suggestive. If the court finds that the procedure was unduly suggestive, the court must then "evaluate the totality of the circumstances to determine whether the identification was nevertheless reliable." *Id.* The petitioner bears the burden of showing impermissible suggestiveness. *Howard v. Bouchard*, 405 F.3d 459, 469 (6th Cir. 2005). In examining the totality of the circumstances, this court considers several factors, including: "(1) the witness's opportunity to view the criminal at the time of the crime; (2) the witness's degree of attention at the time of the crime; (3) the accuracy of the witness's prior description of the defendant; (4) the witness's level of certainty when identifying the suspect at the confrontation; and (5) the length of time that has elapsed between the crime and the confrontation." *United States v. Hill*, 967 F.3d 226, 230 (6th Cir. 1992) (citing *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972)).

      The Michigan Court of Appeals held both that the identification procedure was not unduly suggestive and that the *Biggers* factors demonstrated reliability. The state court noted that Williams selected Petitioner's photograph from hundreds viewed in mug books and that there was no indication that she was directed to that photograph by a police officer. The state court noted that the trial testimony showed that there was an independent basis for Williams' in-court identification. Petitioner has not shown that the ruling of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786–787. The Court denies this claim.

Next, Petitioner claims that the trial court abused its discretion in denying his request for a corporeal lineup. There is no federal constitutional right to a live lineup. *Branch v. Estelle*, 631 F.2d 1229 (5th Cir. 1980) ("While we agree that a corporeal lineup is the most reliable identification procedure and for that reason the most preferable, the law is settled that a defendant has no Constitutional right to a line-up."). Therefore, habeas relief is denied on this claim.

Finally, Petitioner argues that his trial attorney was ineffective in withdrawing his motion to suppress the identification testimony. To establish that he received ineffective assistance of counsel, a petitioner must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner may show that counsel's performance was deficient by establishing that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 689. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's performance must be "highly deferential." *Id.* at 689. Habeas relief may be granted only if the state-court decision unreasonably applied the standard for evaluating

14

ineffective-assistance-of-counsel claims established by *Strickland*. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Id.* at 123 (internal quotation omitted).

The Michigan Court of Appeals held that counsel was not ineffective in withdrawing the motion to suppress because no justification existed for suppression of the identification. This Court found reasonable the state court's decision that the identification testimony was admissible. Counsel cannot be deemed ineffective for failing to raise a meritless objection. *See Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006). Accordingly, the Petitioner is not entitled to habeas relief on this claim.

## IV.     Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)

(citation omitted).  In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted.  Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

s/Marianne O. Battani<br>
MARIANNE O. BATTANI<br>
UNITED STATES DISTRICT JUDGE

DATE: <u>February 5, 2012</u>

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner via ordinary U.S. Mail and Counsel for the Respondent, electronically.

s/Bernadette M. Thebolt<br>
Case Manager